UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILFREDO LORA-GONZALEZ,<br>A # 038507690,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>MARY E. SABOL, Warden, York County Prison,<br><br>　　　　　　　Respondent. | CIVIL ACTION NO. 3:15-CV-2454<br><br>(CAPUTO, J.)<br>(MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

**I.   BACKGROUND**

On December 21, 2015, the Court received a petition for a writ of habeas corpus filed by *pro se* Petitioner Wilfredo Lora-Gonzalez pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner has filed numerous motions in support of his petition. (*See* Doc. 3; Doc. 4; Doc. 5). At the time of filing, Lora-Gonzalez, a native and citizen of the Dominican Republic, was being held in the custody of United States Immigration and Customs Enforcement ("ICE") at York County Prison, located in York County, Pennsylvania. In his petition, Lora-Gonzalez challenges a criminal conviction in the United States District Court for the Eastern District of Virginia for which he had already served a term of incarceration prior to being taken into ICE custody. He requests that his "unlawful" conviction be vacated and dismissed and he be released from ICE custody. Furthermore, he has filed an emergency motion requesting a stay of removal pending resolution of the petition. (Doc. 2).

On January 22, 2016, the Court entered an Order to Show Cause directing the Respondent to file an answer, suggestion of mootness, or other response to the allegations

contained within the petition. (Doc. 10). The Court noted that upon reviewing the online detainee locator, it appeared that Lora-Gonzalez was no longer in ICE custody. (Doc. 10).

On February 19, 2016, Lora-Gonzalez filed a notice with the Court, confirming that he was "forcibly removed from the United States to the Dominican Republic" on January 4, 2016, but noting his desire to continue litigating this case and requesting that the Court direct all correspondence to his friend's New York address to be forwarded to him. (Doc. 14).

The Respondent filed a response on February 25, 2016. (Doc. 15). In that response, Respondent argues the following: (1) to the extent Lora-Gonzalez seeks release from ICE detention, the Petition should be dismissed as moot due to his deportation; (2) to the extent Lora-Gonzalez contests the Immigration Judge's final order of removal, the petition should be dismissed because the Court lacks jurisdiction to review the immigration proceedings; and (3) to the extent Lora-Gonzalez challenges his underlying criminal conviction, the petition should be dismissed because he has named the wrong respondent and has filed the petition in the wrong district. (Doc. 15, at 2).

## II. DISCUSSION

The Court construes this petition as an attack to the validity of Lora-Gonzalez's underlying criminal conviction in the Eastern District of Virginia for conspiracy to distribute cocaine and heroin.[1] Under § 2241, a federal prisoner may challenge the *execution* of his

---

[1] As a point of clarification, Petitioner has filed a second § 2241 petition in this Court directly challenging his detention and final removal of removal, which has been recommended for dismissal as moot and as lacking jurisdiction.

sentence – such as a claim concerning the denial or revocation of parole, or the loss of good-time credits – in the district court for the federal judicial district where the prisoner is in custody. *See* 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 443–44 (2004); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). To challenge the *validity* of his sentence, however, a federal prisoner must instead file a § 2255 motion in the sentencing court, "a court already familiar with the facts of the case." *See Boumediene v. Bush*, 553 U.S. 723, 774–75 (2008); *see also Swain v. Pressley*, 430 U.S. 372, 378 (1977) ("[Section] 2255 created a new postconviction remedy in the sentencing court and provided that a habeas corpus petition may not be entertained elsewhere."); *Brown v. Mendez*, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001) ("As a general rule, a § 2255 motion 'supersedes habeas corpus and provides the exclusive remedy' to one in custody pursuant to a federal court conviction.") (quoting *Strollo v. Alldredge*, 463 F.2d 1194, 1195 (3d Cir. 1972) (per curiam)). "Only if it is shown that a § 2255 motion 'is inadequate or ineffective to test the legality of . . . detention,' may a federal inmate resort to § 2241 to challenge the validity of the conviction or sentence." *Brown*, 167 F. Supp. 2d at 726; *see also* 28 U.S.C. § 2255(e); *Litterio v. Parker*, 369 F.2d 395, 395 (3d Cir. 1966) (per curiam) ("It is firmly established that the remedy available to a federal prisoner under 2255 is exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of (the prisoner's) detention.'").

In the instant petition, the Petitioner challenges the imposition of his sentence, not its execution. To proceed under § 2241, he must demonstrate that a § 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir. 2002). A § 2255 motion is inadequate or ineffective only when "some limitation of scope or procedure" prevents a petitioner from receiving an

adjudication of his claim. *Cradle v. United States ex rel. Miner,* 290 F.3d 536, 538 (3d Cir.2002). The "safety valve" under § 2255 is extremely narrow and has been held to apply in extraordinary situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal because of an intervening change in the law. *See Okereke,* 307 F.3d at 120 (*citing In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir.1997)). A petitioner cannot meet this burden by showing that a prior § 2255 motion was denied by the sentencing court. *Litterio,* 369 F.2d at 395; *Brown,* 167 F. Supp. 2d at 726. Nor is a § 2255 motion "inadequate or ineffective" merely because he is unable to meet the requirements of § 2244 and § 2255(h), which require the petitioner to obtain pre-authorization from the appropriate United States Court of Appeals before filing a second or subsequent § 2255 motion in the sentencing court. *See Brown,* 167 F. Supp. 2d at 726–27. The petitioner cannot avoid the statutory limitations imposed on successive § 2255 motions merely by styling his claims as a § 2241 petition instead. *Brown,* 167 F. Supp. 2d at 727 (citing *Moore v. Reno,* 185 F.3d 1054, 1055 (9th Cir. 1999)).

Here, Lora-Gonzalez has, by his own admission, filed an unsuccessful § 2255 motion, and thus, is faced with strict gatekeeping requirements that apply to second or successive § 2255 motions. (Doc. 4, at 3). Recognizing this, Lora-Gonzalez has filed the instant § 2241 motion on the basis that § 2255 is an inadequate or ineffective to test the legality of his detention. However, in considering his supporting memorandums, it is clear that he has not made the requisite showing that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him the opportunity to challenge his conviction. While Petitioner claims that he has obtained newly discovered evidence in the form of presentence reports that show that the government knowingly introduced false

testimony at his underlying trial in support of his actual innocence claim, he likewise concedes that this claim of actual innocence "is not new and, in fact, was raised and addressed . . . on direct appeal and in the § 2255 motion he filed with the District Court" in the Eastern District of Virginia. *Coleman v. Samuels*, 218 F. App'x 178, 180 (3d Cir. 2007); *United States ex rel. Leguillou v. Davis,* 212 F.2d 681, 684 (3d Cir.1954) (remedy by § 2255 motion not "inadequate or ineffective" if district court "could have entertained the prisoner's claim, inquired fully into the facts and granted the very relief the prisoner is seeking"); *see* (Doc. 3, at 4). Moreover, such claims fall squarely within the purview of § 2255. *You Zhong Peng v. Ebbert*, No. 1:CV-14-1370, 2014 WL 3943725, at *2 (M.D. Pa. Aug. 12, 2014) *reconsideration denied,* No. 1:CV-14-1370, 2014 WL 7338804 (M.D. Pa. Dec. 22, 2014). Lora-Gonzalez simply seeks to avoid the gatekeeping requirements of § 2255, which strictly limit the circumstances under which a petitioner can file a second or successive motion.[2] (*See* Doc. 3; Doc. 4). As Lora-Gonzalez has failed to present at least a sufficiently colorable claim for review under § 2241, the Court must recommend dismissal of this petition for lack of jurisdiction.

---

[2] Section 2255's "gatekeeping" provision, section 2255(h), prohibits a second or successive 2255 motion unless the following requirements are met:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

### III. RECOMMENDATION

Based on the foregoing, it is recommended that the petition (Doc. 1) be **DISMISSED**, the motion to stay execution of the final order of removal (Doc. 2) be **DENIED AS MOOT,** and the case be closed.

BY THE COURT:

Dated: February 29, 2016

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILFREDO LORA-GONZALEZ,<br>A # 038507690,<br>　　　　　　Petitioner,<br><br>　　v.<br><br>MARY E. SABOL, Warden, York County Prison,<br>　　　　　　Respondent. | CIVIL ACTION NO. 3:15-CV-2454<br><br>(CAPUTO, J.)<br>(MEHALCHICK, M.J.) |

### NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **February 29, 2016**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: February 29, 2016**　　　　　　　　　　　　　　*s/ Karoline Mehalchick*
　　　　　　　　　　　　　　　　　　　　　　　　　　**KAROLINE MEHALCHICK**
　　　　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**